# *Ex parte* State Insurance Company of Missouri.

### *Application for Mandamus to State Court, in Re-transfer of Cause to Federal Court.*

*When mandamus will not lie, in matter of transfer of cause from state to federal court.* — When a cause, commenced in a state court, and transferred to a federal court, has been struck from the docket of the latter court, and remitted to the court in which it was begun, this court will not interfere by *mandamus*, or other original writ, to restrain that court from proceeding with the cause, until the defendant can invoke the revisory power of the supreme court of the United States to compel a transfer of the cause.

APPLICATION for a *mandamus*, or other appropriate original writ, to the City Court of Eufaula, Hon. E. M. KEILS presiding, on the facts stated in the opinion of the court.

MORGAN & LAPSLEY and BRAGG & THORINGTON, for the petitioner.

PETERS, C. J. — Briefly stated, the grounds of this application are these, that is to say : On the 3d day of June, in the year 1872, Mrs. Mary C. Kolb, as plaintiff, instituted suit by attachment against the State Insurance Company of Missouri, as defendant, on a certain policy of insurance issued by said defendant, for the sum of eight thousand dollars, with interest thereon. This attachment was made returnable into said city court, to be held on the second Monday in June, 1872. It was levied by service of certain summonses in garnishment, which were regularly returned into said city court; and said cause was then continued in said city court on December 14, 1872. Several of the garnishees answered, and admitted themselves indebted to the defendant in considerable sums. An application was then made in said city court, at the December term thereof, 1872, to transfer said cause to the United States circuit court, sitting for the fifth judicial circuit and southern district of Alabama. This application was granted on January 11, 1873, and the record of said cause was filed with the clerk of said United States circuit court on February 3, 1873, and entered on the docket of said court last named. And on December 24, 1873, said cause was stricken from the docket of said circuit court, by order of said court, and the action and judgment of the said circuit court was properly certified to said city court of Eufaula. In the mean time, the said defendant is seeking in good faith to apply to the supreme court of the United States for a writ of *mandamus*, or other proper writ, to compel the honorable judge of said circuit court to reinstate said cause on the docket of said circuit court, and entertain jurisdiction of

[Smith *v*. Jones.]

the same. But, while this application to the supreme court of the United States is pending, the said city court of Eufaula has resumed jurisdiction of said cause, and is proceeding to try the same. And this application is to restrain said city court from proceeding, until the application to the supreme court of the United States is determined.

The petition to this court does not show that there is any legal impediment which forbids the city court of Eufaula to proceed to trial in said cause. Indeed, without such impediment, it is the duty of that court to try said cause in its order on the trial docket. Rev. Code, p. 820, Rule 1; Acts of Alabama 1869-1870, p. 105, No. 126, § 6. For proper and sufficient cause, the cases pending in said city court may be removed, by change of venue, to the circuit court of Barbour county, or to some other circuit court, under the same rules and regulations that now or may hereafter govern change of venue in the circuit court. Acts, *supra*, p. 109, § 15. And if the judgment of said city court should happen to be erroneous, it may be corrected by appeal to this court. Acts, *supra*, p. 107, § 8. The application to this court does not show that the *honorable* and *learned* judge of the city court of Eufaula fails or refuses to discharge any of his legal duties, or that he does transcend, or seeks to transcend, the jurisdiction conferred on him by law. And if a party litigant in said city court has no sufficient grounds to change the venue of his case, depending in said city court, or does not seek to do so, this court cannot presume that to be compelled to go to trial in the city court of Eufaula, when the court is proceeding according to law, can be an irreparable injury. This court will not interfere by its original jurisdiction over inferior jurisdictions, to restrain the action of such jurisdictions, unless they refuse to act where the law requires action, or attempt to exercise a jurisdiction in violation of law, which will result in irreparable injury to the party complaining, and there is no other adequate remedy. This is not such a case.

The application is, therefore, denied with costs.